IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
NORTH CAROLINA

MISC. NO. 3:06-MC-84

IN RE: ALLOCATION OF STATESVILLE
DIVISION CASES

## ORDER

The following case assignment allocations will be applied in the Statesville division and supercede all other prior orders as they may relate to the Statesville division. Unless specifically stated otherwise, these case assignment allocations are effective *July 3, 2006.*

1.) All Statesville division criminal cases will be assigned to Judge Voorhees.

2.) Any criminal case filed in the Statesville division in which Judge Voorhees must recuse himself due to a conflict shall first be assigned to Judge Whitney and in case of conflict then to Judge Conrad and in case of conflict then to Judge Thornburg.

3.) Judge Voorhees and Magistrate Judge Howell shall each be randomly assigned one-half of the civil cases, including 42 U.S.C. § 1983 actions in which the plaintiff has counsel and social security cases, on the basis of one-half to Judge Voorhees and one-half to Magistrate Judge Howell.

4.) Judge Voorhees shall be assigned any civil case filed in the Statesville division which was initially assigned to a magistrate judge and one of the parties subsequently declines to consent to the jurisdiction of a magistrate judge. Any case in which Judge Voorhees has a conflict shall be reassigned in the following order taking into consideration potential conflicts: Senior Judge Mullen, Judge Whitney, Judge Conrad, and then Judge Thornburg.

5.) Judge Voorhees shall be assigned all matters reserved for the District Court Judge draw including bankruptcy appeals, motions to withdraw bankruptcy references, IFPs, 28 U.S.C. § 2254 actions in which the plaintiff has counsel (except for death penalty cases which are the subject of a separate order), all miscellaneous matters and TROs.

6.) Judge Voorhees shall continue to be assigned all 28 U.S.C. § 2255 actions in which he was the presiding judge in the underlying criminal case.

7.) Senior Judge Mullen shall be assigned all prisoner, pro-se cases, filed pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2254 (non-death penalty cases).

8.) **IT IS FURTHER ORDERED,** that where previous assignment has occurred in criminal cases for preliminary matters, such as bond appeals, the following rules shall apply:

9.) Where a single defendant indictment is handed down, assign case to the judge of the previous assignment.

10.) Where a multiple defendant indictment is handed down, assign case to the judge who received the *first previous assignment* of any of the defendants.

11.) The sole authority to change a previous assignment resides with the Chief Judge, upon consultation with any other judge directly affected.

12.) The clerk's office will faithfully execute its obligation to assign cases on a random basis, where multiple judges are in the draw, subject to pretermission only by the Chief Judge, as stated above.

13.) Any questions from the clerk as to proper procedure will be referred to the Chief Judge. For example, if bond is allowed by the magistrate judge and the government seeks immediate stay of release pending appeal to the District Court, and the assigned district judge is unavailable, the matter will be heard by a judge designated by the Chief Judge.

14.) The central principles governing this section of the Order are: a) Preservation of the integrity of the random assignment procedure where multiple judges are in the draw, and b) Assignment of a given case to the same judge throughout its course.

The Clerk is directed to serve copies of this Order to all District Court Judges, all Magistrate Judges, the United States Attorney, the Chief United States Probation Officer, the United States Marshall, all deputy clerks and all court reporters.

**SO ORDERED THIS**    3rd **DAY OF**   **JULY, 2006.**

_____
Robert J. Conrad, Jr., Chief
United States District Court Judge

_____
Richard L. Voorhees
United States District Judge

_____
Lacy H. Thornburg
United States District Judge

_____
Frank D. Whitney
United States District Judge